# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JESUS VAZQUEZ, )<br>)<br>Plaintiff, )<br>)     1:10CV751<br>v. )<br>)<br>OFFICER WALN, et al., )<br>)<br>Defendants. ) | |

## RECOMMENDATION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jesus M. Vazquez, a prisoner of the State of North Carolina, brought this action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials violated his constitutional and statutory rights during his incarceration at the Albemarle Correctional Institution ("ACI"). Plaintiff is a Mexican born Native American. As Defendants, Plaintiff names Correctional Officer Waln, J. Kelly (unit manager), T. Hildreth (assistant unit manager), and Lewis Smith (Administrator I Officer). Plaintiff, who proceeds *pro se*, was granted permission to proceed *in forma pauperis*.

In response to the *pro se* complaint, all Defendants have filed Rule 12(b)(6) motions to dismiss. (Docket Nos. 15 and 20.) Defendants have fully briefed their motions, and Plaintiff has responded in opposition.[1] The motions to dismiss are ready for a ruling.

## The Complaint

Plaintiff Vazquez states that he was housed at ACI within the North Carolina Department of Correction. He alleges that he was assigned to a dog-keeping/training job and had no problems until Defendant Waln was assigned to his unit. He states that Defendant Waln stopped him from going to his work as a dog-keeper several times, saying such things as "Mexicans are not going to the dog-lot." (Docket No. 2, Complaint ("Compl."), ¶ V.) He states that Defendant Waln repeatedly harrassed him due to his status as a Mexican. According to Plaintiff, Defendant Waln stated that, "'Mexicans ain't no natives, they just plain old Mexicans.'" (*Id.*) Plaintiff describes a specific incident when he had lost his work gloves. He alleges that "[w]hen he reported to the officer-on-duty (Defendant Waln), Plaintiff again had to get other officials' interventions to just get a pair of gloves." (*Id.*) He describes that on April 9, 2009, Defendant Waln stopped Plaintiff from going to a dog-graduation ceremoney, saying, "'[t]here ain't no Mexican going to the dog's ceremony.'" (*Id..*) Within a few minutes, Unit Sergeant Carlis directed Defendant Waln to

---

[1] The Court **GRANTS** the motion of Defendants Kelly, Hildreth, and Smith to adopt by reference arguments in Defendant Waln's brief in support of his motion to dismiss. (Docket No. 22.)

open the door and let Plaintiff go to the graduation. Later that day, Plaintiff and his locker were searched. Plaintiff was taken to the office of the unit manager/assistant manager with Defendant Waln present. Plaintiff "explained the situation" and was excused. *Id.* at 4. When Plaintiff left, he could hear laughter behind the closed door.

According to Plaintiff, Defendant Waln continued to make discriminatory and racist remarks. Plaintiff alleges that on Sunday, January 31, 2010, Defendant Waln took Plaintiff's Religious Box from the top of Plaintiff's locker "where he had it sat [sic] and fixing to do his prayers." Plaintiff alleges that Defendant Waln said that, "Mexicans can't have American Native Box." (*Id.*). Plaintiff further alleges that Defendant Waln called him names, including "wet back" and "damn Mexican." Plaintiff states that ACI officials transferred Plaintiff to a different unit. Plaintiff never recovered his Religious Box.

Plaintiff identifies a number of legal claims that he believes are raised by his factual allegations. These claims include: (1) violation of his First Amendment right to free exercise of religion; (2) violation of due process by deprivation of his Religious Box; (3) violation of equal protection with regard to seizure of his religious material and interference with his religious practices, and with regard to discrimination based on his status as a Mexican Native American; (4) violation of the Religious Land Use and Institutionalized Person Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc.; (5) violation of his Eighth Amendment right to be free of cruel and unusual punishment; (6) deprivation of personal property; (7) violation of

the Fourth Amendment with regard to searches and seizure made by Defendant Waln; and (8) violation of 42 U.S.C. § 1983.

## Rule 12(b)(6) Standard of Review

Dismissal is proper under Rule12(b)(6) where a plaintiff fails to plead a short and plain statement of the claim showing the pleader is entitled to relief. *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). For the purposes of Rule 12(b)(6) the Court is not required to accept as true the legal conclusions set forth in a plaintiff's complaint. *District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979). A plaintiff must plead "enough facts to state a claim for relief that is plausible on its face," as opposed to merely conceivable on some undisclosed set of facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (citations omitted). A complaint can only achieve facial plausibility when it contains sufficient allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The "plausibility" standard demands more than a mere possibility of misconduct, and if the facts alleged are "not only compatible with, but indeed . . . more likely explained by lawful . . . behavior," the pleading will be insufficient. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937 (2009).

## Discussion

Upon review of the complaint and the argument of the parties, the Court finds that the motion to dismiss filed by Defendants Kelly, Hildreth, and Smith should be granted in its entirety. Under the allegations of the complaint, it is clear that these Defendants are sued under a theory of supervisory liability  None of these Defendants is alleged to have acted directly in violation of Plaintiff's rights; rather, they are alleged to be liable to Plaintiff for failing to take action to remedy or prevent the actions of Defendant Waln.

As to these supervisory Defendants, the Court observes that 42 U.S.C. § 1983, under which Plaintiff proceeds in pursuit of his constitutional and statutory claims, does not provide for vicarious liability. *See generally Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Potential liability turns on each defendant's personal knowledge and actions, not on the actions of others. Supervisory liability ultimately is determined by identifying persons in the decision-making chain whose personal deliberate indifference permitted constitutional abuses. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). Supervisory liability under § 1983 is thus dependent upon a showing that (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to a citizen; (2) the supervisor's response was so inadequate as to show deliberate indifference; and (3) there was an affirmative causal link between the supervisor's inaction and the injury suffered by the plaintiff. *Id.* at 799.

As shown by the summary of Plaintiff's complaint set out above, Plaintiff's complaint falls far short of alleging facts to show that the supervisory Defendants had knowledge of conduct that created a pervasive risk of constitutional injury to Plaintiff, responded so inadequately to matters brought to their attention as to give rise to an inference of deliberate indiffence, or caused injury to Plaintiff by inaction. To the contrary, Plaintiff's allegations are that when Defendant Waln would not furnish him with work gloves, Plaintiff "had to get other officials' interventions to just get a pair of gloves." When Defendant Waln would not let Plaintiff go the a dog-graduation ceremony, another correctional officer overruled Defendant Waln. When Plaintiff complained that Officer Waln had taken his Religous Box, Plaintiff was taken to the office of the unit manager/assistant manager. Plaintiff states that he explained the situation and was excused. He does allege that he heard laughter after he left, but he has no information about the actual reason for the laughter, and this allegation, standing alone, is insufficient to raise an inference of deliberate indifference by any Defendant. Finally, Plaintiff alleges that, after Plaintiff's alleged difficulties with Defendant Waln, ACI officials transferred Plaintiff to another unit. In sum, as to the supervisory Defendants, Plaintiffs presents only assumptions and conclusions about their knowledge and their actions; this is wholly insufficient to state a plausible legal claim that survives the *Iqbal* test under Rule 12(b)(6). The focus of the complaint is upon the actions of Defendant Waln, and the supervisory Defendants are named as defendants simply because of their positions as supervisors.

Plaintiff's claims against Defendant Waln stand upon a different footing. Plaintiff alleges direct action and participation by Defendant Waln in the events of which he complains. Indeed, Defendant Waln is alleged to be the sole actor who repeatedly violated Plaintiff's rights. The motion to dismiss filed by Defendant Waln addresses the specific causes of action identified by Plaintiff Vazquez, and is based upon a contention that each claim fails for particularized reasons. The Court turns to Defendant Waln's motion to dismiss.

Upon review of the *pro se* complaint, liberally construed, the Court finds that some claims, but not all claims, attempted by Plaintiff Vazquez are facially deficient and should be dismissed at this time. Plaintiff has enumerated eight separate claims. The Court finds that three claims should survive Defendant Waln's Rule 12(b)(6) motion to dismiss, and five claims should not.

Plaintiff's Eighth Cause of Action is styled by the *pro se* Plaintiff as an action under 42 U.S.C. § 1983. (Compl. at 13.) Actually, § 1983 is simply the statutory vehicle by which Plaintiff brings his other claims under the Constitution and laws of the United States.

Plaintiff's Fourth Amendment and Eighth Amendment claims fail at the threshold. (Causes of Action Seven and Five.) Plaintiff, as an incarcerated state prisoner, has no reasonable expectation of privacy under the Fourth Amendment. *See Hudson v. Palmer*, 468 U.S. 517, 530 (1984)(prison inmates do not have reasonable expectations of privacy within prison cognizable under the Fourth Amendment). The Eighth Amendment prohibits the

infliction of cruel and unusual punishment, and protects inmates from the "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "Extreme deprivations" are required because routine discomforts are a part of the penalty to be paid by convicted prisoners, and only those deprivations denying the minimal civilized measures of life's necessities are sufficiently grave to give rise to Eighth Amendment prohibitions. *Hudson v. McMillan*, 503 U.S. 1, 9 (1992). Review of Plaintiff Vazquez' complaint reveals no allegation that tends to show a deprivation of "life's necessities."

Plaintiff's Second and Sixth Causes of action fail to survive Rule 12(b)(6) review. In these causes of action, Plaintiff contends that Defendant Waln's seizure of his Religious Box deprived him of property arbitrarily and without due process of law. These claims are foreclosed, however, by well-established precedent. When an inmate's property is taken or destroyed through the unauthorized acts of a state employee, an inmate may not bring a due process claim if there exists an adequate remedy under state law. *Hudson v. Palmer*, 468 U.S. at 533. In North Carolina, such an adequate state remedy does exist. *See* N.C. Gen. Stat. § 143-291 (2009); *Meyer v. Walls*, 347 N.C. 97, 108 (1997).

The claims of the *pro se* complaint that are adequately stated include Plaintiff's First, Third, and Fourth Causes of Action. Plaintiff challenges interferences with his religious practices under the First Amendment and the RLUIPA. Plaintiff adequately alleges that seizure of his Religious Box interferred with, and therefore substantially burdened, his religious prayers. Defendant Waln argues both that the seizure in question was not pursuant

to policy and also that reasonable prison policies countenanced the seizure of Plaintiff's Religious Box in this case. The determination of these arguments may be better made by the Court under summary judgment procedure, where facts are developed and prison policies may be scrutinized as a whole. Plaintiff also alleges discrimination, and violation of the Equal Protection Clause, by Defendant Waln with regard to Plaintiff's conditions of confinement. He has adequately pled dissimilar treatment of similarly situated persons, both with respect to his status as a native born Mexican and as to his Native American religion. *See generally Artway v. Attorney General of State of N.J.*, 81 F.3d 1235, 1267 (3rd Cir. 1996)(under Equal Protection Clause, all persons similarly situated should be treated alike).

Finally, while Defendant Waln asserts qualified immunity as to Plaintiff's First, Third, and Fourth Causes of Action, the Court finds that the rights Plaintiff seeks to vindicate under those causes of action are clearly established and Defendant should have understood that the conduct alleged by Plaintiff would violate Plaintiff's clearly established rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Defendant Waln argues that a good faith reliance upon a neutral storage policy makes out an immunity defense here, but Plaintiff has alleged that Defendant seized his Religious Box because he was a Mexican, not on the basis of a storage policy. Factual issues that cannot be determined at this stage preclude a finding of qualified immunity by Defendant Waln.

## Conclusion

For reasons set forth above, **IT IS RECOMMENDED** that the motion to dismiss of Defendants Kelly, Hildreth, and Smith (Docket No. 15) be granted; and that the motion to dismiss of Defendant Waln (Docket No. 20) be granted in part and denied in part as set out above.

**IT IS ORDERED** that the motion to adopt filed by Defendants Kelly, Hildreth, and Smith (Docket No. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties may conduct discovery regarding Plaintiff's First, Third, and Fourth Causes of Action to and including March 15, 2012. Any dispositive motions may be filed by April 15, 2012.

        /s/ P. Trevor Sharp
United States Magistrate Judge

Date: November 28, 2011